```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION


Malibu Media, LLC,             :

        Plaintiff,             :

    v.                         :      Case No. 2:14-cv-837

                               :      JUDGE MICHAEL H. WATSON
                                      Magistrate Judge Kemp
Lucas Caswell,                 :

        Defendant.             :
```

REPORT AND RECOMMENDATION

This matter is before the Court on a motion for default judgment filed by plaintiff Malibu Media, LLC. The Clerk entered default against defendant Lucas Caswell on March 11, 2015. The Court will recommend that motion for default judgment be granted as set forth below.

I.  Background

Malibu Media is a California limited liability company claiming the copyright to 29 motion pictures. Malibu Media filed this action on July 14, 2014, alleging that a John Doe defendant, identified only by an internet protocol address, violated its copyright by downloading the motion pictures and sharing them with others using a BitTorrent protocol or torrent, a type of peer-to-peer file sharing software. By order dated July 15, 2014, the Court granted Malibu Media leave to take early discovery which allowed Malibu Media to trace the IP address to Mr. Caswell who was then named as a defendant in an amended complaint. Successful service of process was made and after Mr. Caswell failed to plead or otherwise defend, the Clerk entered his default.

Malibu Media seeks $65,250.00 in statutory damages, as well

as attorneys' fees and costs.  Malibu Media also requests that the Court permanently enjoin Mr. Caswell from infringing, directly or indirectly, its rights in the motion pictures.

## II.  Legal Standard

Federal Rule of Civil Procedure 55(b) authorizes a court to enter default judgment against a party whose default has been entered by the clerk.  Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations relating to liability.  See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995).  In order to succeed on its claim of copyright infringement under 17 U.S.C. 101 et seq., plaintiff must prove that it owns a valid copyright in the motion picture and that defendant violated one or more of plaintiff's exclusive rights by copying or distributing plaintiff's copyrighted motion picture without authorization.  See Lexmark Int'l, Inc. v. Static Control Components, Inc., 387 F.3d 522, 534 (6th Cir. 2004); Malibu Media v. Doe, No. 13-12178, 2013 WL 3945978, at *3 (E.D. Mich. July 31, 2013).  Here, the amended complaint alleges all of the elements of plaintiff's claim and defendants' default conclusively establish those elements.  See Thomas v. Miller, 489 F.3d 293, 299 (6th Cir. 2007)(entry of default judgment "conclusively establishes every factual predicate of a claim for relief.").

The mere determination of defendant's liability does not, however, automatically entitle plaintiff to default judgment. The decision to grant default judgment falls within a court's discretion.  10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2685 (3d ed.).  In determining whether to enter judgment by default, courts often consider such factors as

> the amount of money potentially involved; whether material facts or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the

>  grounds for default are clearly established or are in
>  doubt.  Furthermore, the court may consider how harsh
>  an effect a default judgment might have; or whether the
>  default was caused by a good-faith mistake or by
>  excusable or inexcusable neglect on the part of the
>  defendant.

Id. (footnotes omitted).

### III. Analysis

Applying the above factors to the present case, the Court will recommend the entry of default judgment against Mr. Caswell. Consequently, the only issue remaining for the Court's consideration is that of damages.

As noted above, Malibu Media seeks $65,250 in statutory damages which amounts to $2,250 for each motion picture infringed. The Copyright Act permits an award of statutory damages in lieu of actual damages attributable to the infringement. 17 U.S.C. § 504(a) - (c). Statutory damages for each individual act of infringement ordinarily range from $750 to $30,000. 17 U.S.C. § 504(c)(1). Where the copyright owner establishes willful infringement, however, the Court may increase the award of statutory damages, up to a maximum of $150,000 per infringement. 17 U.S.C. § 504(c)(2). "The Court has substantial discretion to set statutory damages within the permitted range, but it is not without guidance." Broadcast Music, Inc. v. H.S.I., Inc., 2007 WL 4207901, at *4 (S.D. Ohio Nov. 26, 2007), citing Douglas v. Cunningham, 294 U.S. 207, 210 (1935). When determining the proper amount of statutory damages, "'courts have looked to: (1) whether [d]efendants' infringement was willful, knowing, or innocent; (2) [d]efendants' profit from infringement; (3) [p]laintiffs' loss from infringement; and (4) deterring future violations by [d]efendants and similarly situated entities.'" Broadcast Music, Inc. v. 4737 Dixie Highway, LLC, 2012 WL 4794052, at *4 (S.D. Ohio Oct. 9, 2012) quoting H.S.I.,

Inc., 2007 WL 4207901, at *6.

Malibu Media urges the Court to award $2,250 per infringement because Mr. Caswell's conduct was willful and because Mr. Caswell participated in "the BitTorrent swarm of infringers," Malibu Media "lost sales of its content to those thousands of infringers." Malibu Media has alleged facts that, when taken as true, could support a finding of willful infringement. However, the facts presented here do not justify the amount of Malibu Media's requested award.

Although the entry of his default has established a copyright infringement by Mr. Caswell, it is not necessarily the case that he was the original user who made Malibu Media's works available to the public. See Malibu Media, LLC v. Flanagan, 2014 WL 2957701, *4 (E.D. Pa. July 1, 2014). There is also no evidence that Mr. Caswell profited from the infringement. The nature of BitTorrent is such that Mr. Caswell likely would not have reaped any profit from his participation in the infringement of plaintiff's copyrights except for the amount that he saved by illegally downloading the motion pictures. See AF Holdings, LLC v. Bossard, 976 F.Supp.2d 927, 931 (W.D. Mich. Feb. 14, 2013). Malibu Media argues that it lost sales for each of the thousands of infringers in the BitTorrent swarm in which Mr. Caswell participated. However, Malibu Media suggests that BitTorrent users download copyrighted motion pictures merely "because it's free," not because they actually plan on purchasing the motion pictures. Moreover, a review of damage awards in other cases involving copyright infringement of Malibu Media's works by use of the BitTorrent protocol reveals that an award of $750 to $2,250 per infringement would adequately deter future infringement. See Malibu Media, LLC v. Funderburg, 2015 WL 1887754, *4 (N.D. Ill. April 24, 2015) ($750 per violation for a total award of $9,000); Malibu Media, LLC v. Cui, 2014 WL

4

5410170, *4 (E.D. Pa. Oct. 24, 2014)($750 per violation, for a total award of $18,000); Malibu Media, LLC v. Schelling, 2014 WL 3400580 (E.D. Mich. July 8, 2014)($750 per violation, for a total award of $6,000); Malibu Media, LLC v. Goodrich, 2013 WL 6670236, *11 (D.Colo. Dec. 18 2013)($2,250 per violation, for a total award of $36,000); Malibu Media, LLC v. Brenneman, 2013 WL 6560387, *2 (N.D. Ind. Dec. 13, 2013)($1,500 per violation, for a total award of $16,500). Here, the Court concludes that an award of $750 per work will properly account for Mr. Caswell's gain, Malibu Media's loss, and the public's interest in deterring future violations.

Malibu Media also asks that the Court enjoin Mr. Caswell from directly or indirectly infringing its copyrighted works. Such an injunction would prohibit Mr. Caswell's use of the internet to reproduce or distribute Malibu Media's motion pictures without license or express permission. Malibu Media also asks that the Court order Mr. Caswell to destroy all copies of its copyrighted works downloaded by him onto any computer hard drive or server or transferred onto any physical medium or device in his possession, custody, or control. The Copyright Act authorizes temporary or injunctive relief as a remedy for infringement "on such terms as [the court] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. §502(a). It is well established that a showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction." Bridgeport Music, Inc. v. Justin Combs Pub., 507 F.3d 470, 492 (6th Cir. 2007)(citations and quotations omitted). "Not only is the issuance of a permanent injunction justified 'when a copyright plaintiff has established a continuing infringement, he is entitled to an injunction.'" Id. (emphasis in original), quoting Walt Disney Co. v. Powell, 897 F.2d 565, 567 (D.C. Cir. 1990).

5

Otherwise, an award of damages without injunctive relief would amount to a "'forced license to use the creative work of another.'" Id., quoting Silverstein v. Penguin Putnam, Inc., 368 F.3d 77, 84 (2d Cir. 2004).

Here, Malibu Media has established Mr. Caswell's past infringement. Considering the factual allegations of the amended complaint, the nature of the BitTorrent system, and the nature of the copyrighted works, Malibu Media has sufficiently established a continuing threat to its copyrights. Consequently, the Court will recommend that the request for permanent injunctive relief be granted.

Malibu Media also seeks $1,182 in attorneys' fees and $475 in costs. Malibu Media itemized its costs and its counsel declared that he spent 1.9 hours prosecuting its claims at a rate of $300 per hour and 7.2 paralegal hours at a rate of $85 per hour. See Declaration of Yousef M. Faroniya, Esq. attached to the motion. The Court has the discretion to award fees to the prevailing party in a copyright infringement action. 17 U.S.C. §505. The United States Court of Appeals for the Sixth Circuit has identified factors to be considered in determining whether to award attorneys's fees including such factors as "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" Zomba Enters., Inc. v. Panorama Records, Inc., 491 F.3d 574, 589 (6th Cir. 2007), quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994). "The grant of fees and costs 'is the rule rather than the exception and they should be awarded routinely.'" Bridgeport Music, Inc. v. WB Music Corp., 520 F.3d 588, 592 (6th Cir. 2008), quoting Positive Black Talk Inc. v. Cash Money Records, Inc., 394 F.3d 357, 380 (5th Cir. 2004). The Court finds the attorney's fees requested in this case to be

reasonable and will recommend that they be awarded.

Turning to the issue of costs, Malibu Media seeks $475 representing the filing fee of $400 and service fees of $75. "Costs" as enumerated in 28 U.S.C. §1920 include "[f]ees of the clerk" but the cost of service of summons is not included in that statutory definition. TCYK, LLC v. Does, 2015 WL 763268, *5 (S.D. Ohio Feb. 23, 2015). Rather, the expenses associated with effecting service are recoverable if a defendant fails, without good cause, "to sign and return a waiver requested by a pliantiff...." Fed.R.Civ.P. 4(d)(2). The docket does not reflect that Malibu Media ever requested Mr. Caswell to waive service of process. Consequently, the Court will recommend an award of $400 in costs.

## IV. Recommendation

For the reasons set forth above, it is recommended that the motion for default judgment (Doc. 12) be granted in part and denied in part. Further, it is recommended that defendant Lucas Caswell be permanently enjoined from directly or indirectly infringing plaintiff's copyrighted works, including by use of the internet to reproduce, copy, distribute, or make available for distribution to the public plaintiff's copyrighted works, unless plaintiff provides defendant with a license or express permission. Additionally, it is recommended that defendant Lucas Caswell be ordered to destroy all copies of plaintiff's motion pictures identified in Exhibit B of the amended complaint that he has downloaded onto any computer hard drive or server without plaintiff's authorization and all copies that have been transferred onto any physical medium or device in his possession, custody or control. Finally, it is recommended that plaintiff be awarded statutory damages against defendant Lucas Caswell in the amount of $21,750 and attorney's fees and costs in the total amount of $1,582.

<u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge

8